## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## (NORTHERN DIVISION)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 95-CV-20512-DT |
| DOW CORNING CORPORATION, | ) | |
| | ) | (Chapter 11) |
| | ) | |
| Reorganized Debtor. | ) | Honorable Denise Page Hood |
| | ) | |

**DOW CORNING'S MOTION TO COMPEL COMPLIANCE WITH
THIS COURT'S OCTOBER 3, 2008, ORDER REGARDING DISCOVERY
MOTIONS AND FOR ENTRY OF A REVISED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 37(b)(2), Dow Corning Corporation respectfully moves for an order compelling the LMI Claimants to comply with this Court's October 3, 2008 Order Regarding Discovery Motions ("Discovery Order"). In accordance with the clear terms of the Discovery Order, the LMI Claimants should be directed immediately (i) to produce *all* communications between the LMI Claimants and their reinsurers and reinsurance intermediaries responsive to Dow Corning's requests, and (ii) to submit to the Court for *in camera* review *all* documents that have been withheld on the basis of privilege (either attorney-client or work product) that relate to the subject matter of the settlement negotiations or Settlement Agreement. In addition, Dow Corning requests that, pursuant to Federal Rules of Civil Procedure 16(b)(4), 26(c), and/or 37(b)(2), the Court revise the current Scheduling Order to provide that no further depositions be taken until the LMI Claimants have fully complied with the Discovery Order and orders relating to pending discovery motions, and asks that appropriate additional amendments be made to the Scheduling Order to take into account the delay caused by the LMI Claimants' failure fully to comply with the Discovery Order by the compliance deadline of October 24, 2008. A proposed order is attached hereto as Exhibit A.

The reasons why the relief sought is required are more fully set forth in the accompanying Memorandum of Law and supporting exhibits. Dow Corning's efforts to resolve these issues with the LMI Claimants have been unsuccessful. Pursuant to Local Rule 7.1(a), Dow Corning's counsel and LMI Claimants' counsel have discussed the issues raised by this motion in telephone conferences, during an in-person meeting, and in written correspondence. Through these and other communications, Dow Corning's counsel explained the nature of Dow Corning's request for the relief now sought in this Motion and its legal basis, and requested, but has not obtained concurrence in the relief sought. Furthermore, Dow Corning certifies that, in accordance with Federal Rule of Civil Procedure 26(c), it has in good faith conferred with the LMI Claimants in an effort to resolve the disputes addressed herein.

Dow Corning respectfully requests oral argument on this Motion.

COVINGTON & BURLING LLP

By: Mitchell F. Dolin
    Anna P. Engh
    Benjamin C. Block
    Timothy D. Greszler
    1201 Pennsylvania Ave., NW
    Washington, DC 20004
    (202) 662-6000
    mdolin@cov.com
    aengh@cov.com
    bblock@cov.com
    tgreszler@cov.com

December 5, 2008

KERR, RUSSELL and WEBER, PLC

By: /s/ Michael A. Sneyd
    Robert A. Marsac (P17114)
    Michael A. Sneyd (P52073)
    500 Woodward Ave.
    Suite 2500
    Detroit, MI 48226
    (313) 961-0200
    Ram@krwlaw.com
    Mas@krwlaw.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**(NORTHERN DIVISION)**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 95-CV-20512-DT |
| DOW CORNING CORPORATION, | ) | |
| | ) | (Chapter 11) |
| | ) | |
| Reorganized Debtor. | ) | Honorable Denise Page Hood |
| | ) | |

## ORDER

Upon consideration of Dow Corning's Motion to Compel Compliance with this

Court's October 3, 2008, Order Regarding Discovery Motions and for Entry of a Revised

Scheduling Order, it is hereby ORDERED that:

      1.      Dow Corning Corporation's Motion is GRANTED.

      2.      The LMI Claimants shall produce within five (5) business days of the

entry of this Order copies of all communications (with attachments and without redactions)

between them and their reinsurers and reinsurance intermediaries sought by Dow Corning in

its Requests for Production Nos. 1(f), 8, 12, and 13.

      3.      Within five (5) business days of entry of this Order, the LMI Claimants

shall submit to the Court for *in camera* review copies of all documents that have been

withheld in whole or in part on the basis of privilege (either attorney client or work product)

that relate to the subject matter of the settlement negotiations or the Settlement Agreement.

The LMI Claimants shall submit all such documents regardless of whether they have been

listed on a privilege log and regardless of whether the LMI Claimants have already produced

another version or copy of a particular document.

4.	The LMI Claimants shall, concurrent with their *in camera* submission, provide to the Court and to Dow Corning a log identifying all documents that they submit (or have submitted) for *in camera* review.

5.	The Scheduling Order dated October 3, 2008 shall be deemed revised to provide that no further depositions shall take place until at least 15 business days after the later of the LMI Claimants' compliance with the Discovery Order or final resolution of (and compliance with any order on) Dow Corning's Revised Motion to Compel Production of All Documents Relating to the Settlement Negotiations and Settlement Agreement At Issue, whichever is later.

6.	Appropriate additional amendments shall be made to the Scheduling Order dated October 3, 2008 upon full compliance with this Order or final resolution of (and compliance with any order on) Dow Corning's Revised Motion to Compel Production of All Documents Relating to the Settlement Negotiations and Settlement Agreement At Issue, whichever is later.


_____
DENISE PAGE HOOD
United States District Judge

DATED: December __, 2008

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**(NORTHERN DIVISION)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 95-CV-20512-DT |
| DOW CORNING CORPORATION, | ) | |
| | ) | (Chapter 11) |
| | ) | |
| Reorganized Debtor. | ) | Honorable Denise Page Hood |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DOW CORNING'S**
**MOTION TO COMPEL COMPLIANCE WITH THIS COURT'S**
**OCTOBER 3, 2008, ORDER REGARDING DISCOVERY**
**MOTIONS AND FOR ENTRY OF A REVISED SCHEDULING ORDER**

COVINGTON & BURLING LLP

   Mitchell F. Dolin
   Anna P. Engh
   Benjamin C. Block
   Timothy D. Greszler
   1201 Pennsylvania Ave., NW
   Washington, DC  20004
   (202) 662-6000
   mdolin@cov.com
   aengh@cov.com
   bblock@cov.com
   tgreszler@cov.com

KERR, RUSSELL and WEBER, PLC

   Robert A. Marsac (P17114)
   Michael A. Sneyd (P52073)
   500 Woodward Ave.
   Suite 2500
   Detroit, MI  48226
   (313) 961-0200
   Ram@krwlaw.com
   Mas@krwlaw.com

December 5, 2008

## STATEMENT OF ISSUES PRESENTED

*Issue No. 1:*  Whether the LMI Claimants have violated the Court's Order Regarding Discovery Motions by withholding, on privilege grounds, certain of their communications with third-party reinsurers and reinsurance intermediaries when any privilege objections were refuted in Dow Corning's briefs and were rejected, either explicitly or by necessary implication, in the Order Regarding Discovery Motions.

*Issue No. 2:*  Whether the LMI Claimants have violated the Court's Order Regarding Discovery Motions by failing to submit for *in camera* review all documents that relate to the subject matter of the settlement negotiations or the Settlement Agreement that they have withheld in whole or in part on the basis of privilege, including by failing to submit (i) documents withheld on work-product grounds, (ii) documents withheld from production that do not appear on the LMI Claimants' incomplete privilege logs, and (iii) all versions and copies of documents withheld from production.

*Issue No. 3*:  Whether, under the standards governing scheduling and protective orders and/or as a sanction for the LMI Claimants' failure to comply with the Order Regarding Discovery Motions, the Court should issue an order (i) deferring the taking of further depositions until after the LMI Claimants have fully complied with all orders relating to Dow Corning's discovery motions, and (ii) adjusting the Scheduling Order to account for delays caused by the LMI Claimants' failures to comply with the Order Regarding Discovery Motions.

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Issue No. 1*:  Fed. R. Civ. P. 37(b); Order Regarding Discovery Motions (Oct. 3, 2008); Eastern District of Michigan Local Rule 7.1(g); *Beaver v. Figgie Int'l Corp.*, 1988 WL 64710 (6th Cir. June 24, 1988); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367 (6th Cir. 1998); *Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586 (6th Cir. 1995); *Chirco v. Gateway Oaks, LLC*, 2005 WL 2284218 (E.D. Mich. Aug. 26, 2005); *Syl Worhacz Ford, Inc. v. Ford Dealer Computer Servs., Inc.*, 2007 WL 2109564 (E.D. Mich. July 23 2007); *United States v. Barnwell*, 2008 WL 2447133 (E.D. Mich. June 18, 2008); *Posthumus v. Bd. of Ed.*, 380 F. Supp. 2d 891 (W.D. Mich. 2005); *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 914 F. Supp. 1172 (E.D. Pa. 1996).

*Issue No. 2*:  Fed. R. Civ. P. 37(b); Order Regarding Discovery Motions (Oct. 3, 2008); Eastern District of Michigan Local Rule 7.1(g).

*Issue No. 3*:  Fed. R. Civ. P. 16(b)(4); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(b); *Bryant v. U.S. Postal Serv.*, 166 Fed. Appx. 207 (6th Cir. 2006); *United States v. Reyes*, 307 F.3d 451 (6th Cir. 2002); *Pride v. Bic Corp.*, 218 F.3d 566 (6th Cir. 2000); *Freeland v. Amigo*, 103 F.3d 1271 (6th Cir. 1997); *Taylor v. Medtronics*, 861 F.2d 980 (6th Cir. 1988).

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ........................................................................ i

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..................................... ii

TABLE OF CONTENTS ........................................................................................... iii

TABLE OF AUTHORITIES ...................................................................................... iv

INDEX OF ACCOMPANYING EXHIBITS .............................................................. vi

INTRODUCTION ....................................................................................................... 1

ARGUMENT ............................................................................................................... 4

I.     THE DISCOVERY ORDER REQUIRES THE LMI CLAIMANTS
TO PRODUCE ALL OF THEIR COMMUNICATIONS WITH
THEIR REINSURERS AND NECESSARILY OVERRULES
ANY PRIVILEGE OBJECTION. ....................................................................... 4

     A.     The Procedural History Of The Motion To Compel Leaves
No Doubt That This Court's Order Granting Dow Corning's
Motion Overruled Any Privilege Claim Pertaining To
Insurer-Reinsurer Communications. ....................................................... 5

     B.     Applicable Law Makes Clear That The LMI Claimants
Cannot Raise A Privilege Objection That Could Have
Been Raised In Opposition To Dow Corning's Motion To
Compel And That Was Overruled By The Discovery Order. ............................... 10

II.     THE DISCOVERY ORDER REQUIRES THE LMI CLAIMANTS
TO PRODUCE FOR *IN CAMERA* REVIEW *ALL* DOCUMENTS
RELATING TO THE SETTLEMENT NEGOTIATIONS OR
AGREEMENT THAT WERE WITHHELD BASED ON
WORK PRODUCT OR ATTORNEY-CLIENT PRIVILEGE. ....................................... 14

III.     THE DEPOSITION AND DISCOVERY SCHEDULES SHOULD
BE ADJUSTED TO DEFER FURTHER DEPOSITIONS UNTIL
THE LMI CLAIMANTS FULLY COMPLY WITH THIS COURT'S
ORDERS AND TO OTHERWISE ACCOUNT FOR THE DELAYS
CAUSED BY THE LMI CLAIMANTS' FAILURES TIMELY TO
COMPLY WITH THE DISCOVERY ORDER. ............................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**C**ASES

*Allapattah Serv., Inc. v. Exxon Corp.,*
372 F. Supp. 2d 1344 (S.D. Fla. 2005) .................................................................12

*Austin Theatre, Inc. v. Warner Bros. Pictures, Inc.*,
22 F.R.D. 302 (S.D.N.Y. 1958) .............................................................................19

*Beaver v. Figgie Int'l Corp.*,
1988 WL 64710 (6th Cir. June 24, 1988) .............................................................13

*Bryant v. U.S. Postal Serv.*,
166 Fed. Appx. 207 (6th Cir. 2006).......................................................................19

*Chirco v. Gateway Oaks, LLC*,
2005 WL 2284218 (E.D. Mich. Aug. 26, 2005)....................................................12

*Freeland v. Amigo*,
103 F.3d 1271 (6th Cir. 1997) ...............................................................................19

*Gillig v. Advanced Cardiovascular Sys., Inc.*,
67 F.3d 586 (6th Cir. 1995) ...................................................................................12

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*,
914 F. Supp. 1172 (E.D. Pa. 1996) .......................................................................11

*Posthumus v. Bd. of Ed.*,
380 F. Supp. 2d 891 (W.D. Mich. 2005) ...............................................................13

*Pride v. Bic Corp.*,
218 F.3d 566 (6th Cir. 2000) .................................................................................19

*Sault Ste. Marie Tribe of Chippewa Indians v. Engler*,
146 F.3d 367 (6th Cir. 1998) .................................................................................11

*Syl Worhacz Ford, Inc. v. Ford Dealer Computer Servs., Inc.*,
2007 WL 2109564 (E.D. Mich. July 23, 2007) ....................................................11

*Taylor v. Medtronics*,
861 F.2d 980 (6th Cir. 1988) .................................................................................19

*United States v. Barnwell*,
2008 WL 2447133 (E.D. Mich. June 18, 2008)....................................................12

iv

*United States v. Reyes*,
   307 F.3d 451 (6th Cir. 2002) ..............................................................................19

## R<span>ULES</span>

Fed. R. Civ. P. 16(b) ..............................................................................................19

Fed. R. Civ. P. 26(c)(1)(A)-(B)..............................................................................19

Fed. R. Civ. P. 37..................................................................................................19

## O<span>THER</span> A<span>UTHORITY</span>

C. A. Wright & A. Miller Federal Practice & Procedure (2d ed. 1994) .......................................13

# INDEX OF ACCOMPANYING EXHIBITS

**Description**                                                                    **Tab**

Order Regarding Discovery Motions (Oct. 3, 2008) .................................................................1

Scheduling Order (Oct. 3, 2008)..............................................................................................2

Excerpts from Hearing Transcript (Sept. 23, 2008)...................................................................3

Dow Corning's Motion to Compel Discovery from Each LMI Claimant
and to Require Production of Reinsurance-Related Information (Nov. 30, 2007) ....................4

London Market Insurers' Opposition to Dow Corning's Motion to
Compel Discovery from Each LMI Claimant and to Require Production
of Reinsurance-Related Information (Dec. 21, 2007)................................................................5

Dow Corning's Reply in Support of Motion to Compel Discovery
from Each LMI Claimant and to Require Production of
Reinsurance-Related Information (Sept. 16, 2008) ..................................................................6

Letter from T. Greszler to E. Delinsky (Oct. 23, 2007)............................................................7

Letter from E. Delinsky to Judge Hood (Oct. 1, 2008).............................................................8

E-mails between M. Dolin and J. Sottile (Oct. 23-24, 2008).....................................................9

Letter from E. Delinsky to Judge Hood (Oct. 23, 2008).........................................................10

Letter from A. Engh to Judge Hood (Oct. 31, 2008) ..............................................................11

Letter from E. Delinsky to Judge Hood (Nov. 6, 2008) .........................................................12

Letter from A. Engh to Judge Hood (Nov. 11, 2008)..............................................................13

Letter from E. Delinsky to Judge Hood (Nov. 14, 2008) .......................................................14

Unreported Cases cited in support of Dow Corning's Motion ................................................15

    *Beaver v. Figgie Int'l Corp.*, 1988 WL 64710 (6th Cir. June 24, 1988)
    *Chirco v. Gateway Oaks, LLC*, 2005 WL 2284218 (E.D. Mich. Aug. 26, 2005)
    *Syl Worhacz Ford, Inc. v. Ford Dealer Computer Servs., Inc.*, 2007 WL 2109564
      (E.D. Mich. July 23, 2007)
    *United States v. Barnwell*, 2008 WL 2447133 (E.D. Mich. June 18, 2008)

## <u>INTRODUCTION</u>

This Court entered two orders on October 3, 2008 -- an Order Regarding Discovery Motions ("Discovery Order") and a Scheduling Order. The Discovery Order compelled the LMI Claimants to provide discovery that they had refused to produce voluntarily and further ordered the LMI Claimants to submit for *in camera* review a broad array of documents they had withheld on privilege grounds. The Discovery Order fixed a compliance deadline of October 24, 2008, and the Scheduling Order recited the same deadline.

More than two months after entry of the Discovery Order and the Scheduling Order, the LMI Claimants' compliance is far from complete. On October 23, 2008, they moved for an extension until November 7, 2008 for certain Claimants to comply and for an extension until December 15, 2008 for the rest of them to comply. On November 10, 2008, Dow Corning responded and indicated that, in addition to the problematic timing of the LMI Claimants' proposed compliance, two serious sets of substantive compliance issues had been identified -- one involving reinsurance communications and the other involving submission of documents for *in camera* review. Despite efforts to resolve the substantive compliance issues identified in Dow Corning's opposition to the extension motion, it is now apparent that those issues will not be resolved absent further Court order, which necessitates the instant motion seeking both to compel compliance and to adjust the schedule to account for the delays in compliance.

The compliance issue concerning reinsurance communications is clear cut. In briefing on its motion to compel production of reinsurance-related information, Dow Corning made plain its position that communications between the LMI Claimants and their third-party reinsurers were *not* subject to privilege. For reasons best known to them, the LMI Claimants chose not to challenge that position before this Court granted Dow Corning's motion, which the Court

1

expressly described as seeking "any communications between the LMI Claimants and their reinsurers with respect to the Settlement Agreement." After failing to raise (much less to prevail on) a privilege assertion in connection with briefing and oral argument, the LMI Claimants are now refusing to produce certain of those insurer-reinsurer communications, claiming that this Court's unqualified *grant* of that motion is meaningless because the Discovery Order did not specifically mention the privilege issue. This argument ignores the facts that Dow Corning made clear in its motion that there was no privilege for insurer-reinsurer communications and that the LMI Claimants did not contest Dow Corning's position. There was no reason for the Court specifically to mention this issue in the Discovery Order, which after all granted Dow Corning's reinsurance motion in its entirety.

The compliance issues concerning *in camera* review became apparent to us upon seeing the various qualifications and limitations imposed on the LMI Claimants' *in camera* submission, which were outlined in their counsel's letter to the Court dated October 23, 2008. The LMI Claimants unilaterally carved out of this Court's Discovery Order any requirement that they submit: a) documents withheld solely on work product grounds; b) documents withheld on privilege grounds that they have not placed on their incomplete privilege logs; and c) documents that are a copy (even if not an exact copy) of a document that was submitted for *in camera* review. The LMI Claimants have also refused to provide a list of documents submitted for *in camera* review. Although these issues have been discussed in correspondence to the Court, Dow Corning believes that they are appropriately raised by motion and now seeks an order compelling compliance with the Court's order regarding *in camera* submission.

The LMI Claimants' failures to comply are creating serious issues for Dow Corning. *First*, as this Court is aware, the LMI Claimants have sought an extension until December 15 to

2

complete compliance with their *admitted* obligations under the Discovery Order. *Second*, even if

they are in compliance with their admitted obligations by that date, there are further compliance

violations raised by this motion (and others that may yet need to be raised). The LMI Claimants'

obligation to produce reinsurance communications can be remedied quickly by a Court order, but

their refusal to provide a complete set of documents for *in camera* review has created an

additional set of problems that have interfered with this Court's efforts expeditiously to resolve

Dow Corning's privilege waiver motion. In this regard, it is worth noting that the Court's

Scheduling Order was premised on an assumption that compliance with the Discovery Order

would be completed by October 24, 2008, and *at best* compliance will not be fully achieved

much before the year-end holidays.

Because there will not be a complete factual record until the LMI Claimants have

complied with existing orders and until the privilege waiver motion is resolved, Dow Corning

does not believe it is fair, practical, or cost-efficient for it to begin taking depositions prior to

such resolution and compliance. For their part, the LMI Claimants are agitating to push forward

with depositions beyond the two witnesses Dow Corning voluntarily made available in October

2008. In mid-November 2008, in an apparent effort to force us to bring the issue to the Court,

the LMI Claimants served deposition notices returnable on December 16 and 17, 2008 and

January 13, 14, and 23, 2009. We have advised the LMI Claimants that we believe that it is

unfair for one-sided deposition discovery to resume while their compliance with Court-ordered

discovery obligations has been delayed by them. Accordingly, in light of these compliance

issues, we ask the Court to enter an order deferring the resumption of depositions until the LMI

Claimants' compliance with the Discovery Order and the still-pending privilege waiver motion

has been completed. In addition, because the October 24 compliance deadline set by the Court in

its Scheduling Order has passed without adherence by the LMI Claimants, Dow Corning asks

that the deadlines set therein be adjusted to take into account these compliance violations.

## ARGUMENT

**I.     THE DISCOVERY ORDER REQUIRES THE LMI CLAIMANTS TO PRODUCE ALL OF THEIR COMMUNICATIONS WITH THEIR REINSURERS AND NECESSARILY OVERRULES ANY PRIVILEGE OBJECTION.**

The Discovery Order, after noting that Dow Corning's reinsurance motion sought "any

communications between the LMI Claimants and their reinsurers with respect to the Settlement

Agreement," reconfirmed the Court's prior oral ruling "granting Dow Corning's motion to

compel the production of reinsurance documents."  Disc. Order at 7-8, 9 (Ex. 1); *see* Hrg. Tr. 47

(Ex. 3).  This Order is unequivocal and complete.

In its reinsurance motion, Dow Corning expressly argued that communications between

insurers and their reinsurers were not subject to privilege.  Dow Corning also made clear that it

disputed the LMI Claimants' assertion that they could produce only "several" of their

communications with reinsurers.  Undaunted by the Court's decision *granting* Dow Corning's

motion in full, the LMI Claimants now assert that, because the Discovery Order did not

specifically state that it was overruling any privilege claim, they can withhold or redact on

privilege grounds certain communications with their reinsurers.

As we demonstrate in detail below, the record on the motion to compel makes clear that

any privilege objection to production of reinsurance communications was necessarily waived by

the LMI Claimants and overruled by the Court.  That issue cannot be relitigated now.  Moreover,

as a matter of law, the LMI Claimants cannot resist compliance on grounds that could have been

asserted prior to entry of the Order and/or that were overruled expressly or by reasonable

implication.  Accordingly, the LMI Claimants are violating the Court's Discovery Order and

should be directed promptly to comply by producing all communications (with attachments and without redactions) between them and their reinsurers or reinsurance intermediaries.

> **A.**    **The Procedural History Of The Motion To Compel Leaves No Doubt That This Court's Order Granting Dow Corning's Motion Overruled Any Privilege Claim Pertaining To Insurer-Reinsurer Communications.**

On November 30, 2007, Dow Corning filed its Motion to Compel Discovery from Each LMI Claimant and to Require Production of Reinsurance-Related Information. That motion, in pertinent part, sought to compel responses to document requests seeking communications between the LMI Claimants and their reinsurers or reinsurance intermediaries. (11/30/07 Mot. to Compel Br. (Ex. 4) at 6-7 (citing Req. Nos. 1(f), 8, 12, 13).) In responding to Dow Corning's reinsurance-related requests, the LMI Claimants initially objected on various grounds and refused to produce any documents; while their specific responses did not assert privilege, the LMI Claimants did object generally on privilege grounds. (*See id.* (citing Resp. Nos. 1(f), 8, 12, 13, Gen'l Obj. No. 6); *see also id.*, Gen'l Obj. No. 4.)

After the LMI Claimants objected to Dow Corning's discovery requests, the parties met-and-conferred on various discovery issues, including the LMI Claimants' refusal to produce reinsurance communications. During the meeting, the LMI Claimants suggested that such communications may be subject to a form of common-interest privilege. (Ex. 7 at 3.) Dow Corning immediately advised the LMI Claimants -- before filing a motion to compel -- that "communications between the LMI Claimants and their reinsurers, and in particular those that bear on actual or potential reimbursement issues, are relevant and non-privileged." (*Id.*)

Because of the LMI Claimants' suggestion that reinsurance communications might be privileged, Dow Corning raised this issue directly in the opening brief supporting its Motion to Compel:

It is possible that the LMI Claimants may assert that their communications with reinsurers fall within some sort of privilege. However, courts have rejected the argument that there is a blanket attorney-client or work product privilege applicable to reinsurance communications. *See Allendale*, 152 F.R.D. at 140-42 (rejecting argument that communications with reinsurers about underlying claims were privileged, because "these were normal communications between parties with a contractual obligation to keep each other informed about insurance claims"); *Front Royal Ins. Co. v. Gold Players, Inc.*, 187 F.R.D. 252, 258 (W.D. Va. 1999) (similar). Having declined to search for, identify, or produce this category of communications, the LMI Claimants have not met their burden of demonstrating that these documents are privileged. *See Masi v. DTE Energy Co.*, No. 06-CV-11592-DT, 2007 WL 2004914, at *2 (E.D. Mich. July 10, 2007) ("Plaintiff has the burden of showing that both the attorney-client privilege and the work product doctrine apply."). Blanket assertions of privilege cannot justify a refusal to produce. *See Miller Oil*, 1990 WL 446502, at *2; *Powerhouse Marks*, 2006 WL 83477 at *2.

(11/30/07 Mot. to Compel Br. (Ex. 4) at 16.)

Moreover, so that its position on the inapplicability of privilege would be clear, Dow Corning carefully drew a distinction between internal documents relating to reinsurance (potentially subject to privilege) and insurer-reinsurer communications (not subject to privilege). In particular, Dow Corning argued that there was no privilege for communications between insurers and reinsurers, but recognized the potential for privilege "[t]o the extent that the LMI Claimants have internal documents (as opposed to communications with reinsurers) . . . that relate to disputes between the LMI Claimants and their reinsurers concerning obligations to fund payments due under the Settlement Agreement." (*Id.* at 16 n.6.) With respect to this subset of purely internal documents, Dow Corning stated that the LMI Claimants "may list them on a privilege log, as the Rules require." (*Id.*)[1]

---

[1] The Proposed Order submitted with Dow Corning's motion similarly made clear that only such internal reinsurance-related documents might be subject to a privilege claim: "The order to produce documents in response to Document Request No. 13 is without prejudice to the LMI Claimants' right to withhold and log as privileged documents, if any, responsive to that request *that were not exchanged with the reinsurer in question*." (11/30/07 Proposed Order (Ex. 4.A) at 1 ¶ 3 (emphasis added).)

Confronted with Dow Corning's clear statement that there was no privilege for insurer-reinsurer communications, the LMI Claimants' opposition was silent on the point. Indeed, far from trying to support a privilege claim, the opposition recognized that reinsurers are "unrelated third parties" and suggested that no order was needed because the LMI Claimants had "already produced several documents that were prepared for reinsurers." (12/21/07 Opp. (Ex. 5) at 1, 12 n.10.) The closest the LMI Claimants came to mentioning privilege was in a footnote on the last page of their brief, which asserted that the LMI Claimants were still searching for communications and would "produce, or if privileged, log additional documents in this category that our search turns up." (*Id*.) They provided no response to the privilege arguments in Dow Corning's opening brief and made no effort to articulate any basis for a privilege. Nor did they submit any evidence that would support a claim of privilege for any such communications.

Notwithstanding the LMI Claimants' avoidance of the privilege issue and their odd suggestion that they would produce "several" documents, Dow Corning again confronted the issue directly in its Reply:

> Dow Corning's motion did not merely seek "several" documents handpicked by the LMI Claimants; by its terms, the motion sought all such documents in the possession of the LMI Claimants and ***established that no privilege attaches to insurer/reinsurer communications***. In short, Dow Corning moved because the LMI Claimants had not provided the discovery Dow Corning sought. The Court should therefore issue an order compelling the production of any and all such communications.

(9/16/08 Reply (Ex. 6) at 4 (emphasis added).)

At the September 23 hearing, the LMI Claimants' counsel again failed to challenge Dow Corning's position that reinsurance communications are not privileged. In fact, the LMI Claimants admitted that such communications were discoverable:

> We break it down into two items of information regarding reinsurance that Dow Corning seeks. Item 1 are communications . . . . And in perfect fairness to Dow Corning, that is a discoverable -- ***those are discoverable items of information***. Of course, they're entitled, and ***it would be probative in this case to learn what we told any reinsurers*** to the extent we communicated with them about the issues in this case.

(Hrg. Tr. 33-34 (emphases added) (Ex. 3).) As in their opposition brief, the LMI Claimants' counsel said little else about insurer-reinsurer communications, choosing instead to focus on the alleged irrelevance of information about reinsurance payments. (*Id.* at 35-39.) The LMI Claimants did, however, suggest that they needed to produce only "the seminal communications with the reinsurers." (*Id.* at 34-35.) For its part, Dow Corning made clear that it was looking not for a mere "handful" of communications, but, rather, "for, among other things, all of their communications with their reinsurers." (*Id.* at 17; *see id* at 42-43 (seeking "all reinsurance communications" and "a blanket order.").)

After hearing argument, the Court orally ruled on September 23 that all reinsurance information sought by Dow Corning must be produced and indicated that a written order would be forthcoming. (*Id.* at 47.) Even after this oral ruling, the LMI Claimants *still* did not raise any privilege issue; instead, they sought at the hearing to confirm that the Court's ruling applied not only to the "leaders," but also to particular "followers" identified earlier in the hearing. (*Id.* at 49.) One week after the hearing, they wrote a letter to the Court seeking to delay a written order on the discovery of reinsurance-related information, but said nothing about privilege. (Ex. 8.)

On October 3, 2008, the Court issued its written order confirming and explaining the earlier oral ruling. After noting that Dow Corning's motion sought "any communications between the LMI Claimants and their reinsurers with respect to the Settlement Agreement," the Discovery Order held that "[t]he reinsurance information requested by Dow Corning is relevant

as to the LMI Claimants' understanding of the clawback provision and damages at issue." Disc. Order at 7-9 (Ex. 1). The Court indicated that it stood "by its oral ruling granting Dow Corning's motion to compel production of the reinsurance documents." (*Id.* at 9.) Although it did not expressly mention Dow Corning's unchallenged argument that insurer-reinsurer communications are unprivileged, the Order was unqualified. Moreover, the Court did note the LMI Claimants' argument that "the reinsurers are unrelated parties," *id.* at 8, a proposition that is inconsistent with a privilege. The Order also cited a case that rejected privilege claims for reinsurance communications. *Id.* (citing *Allendale Mut. Ins. Co. v. Bull Data Sys.*, 152 F.R.D. 132 (N.D. Ill. 1993)).

A few weeks after entry of the Discovery Order, the LMI Claimants informed Dow Corning that they would not produce certain communications with reinsurers, claiming that this subset of communications is protected by privilege. (*See* Ex. 9.) Dow Corning promptly responded, noting "that the Court's Order of October 3, 2008, requires LMI Claimants to produce, among other things, communications running between them and their reinsurers and reinsurance intermediaries and that the Order precludes any privilege claim with respect to such communications." (*Id.*)

On October 24 and on November 7 and 14, the LMI Claimants produced some reinsurance documents, with promises of more to follow by December 15. They have made clear, however, that they are withholding as privileged certain documents shared with reinsurers. Moreover, many of the insurer-reinsurer communications they have produced are redacted.

In connection with our response to the LMI Claimants' recent motion for an extension of the Discovery Order compliance deadline, we described this issue, making clear that the procedural history discussed above forecloses the LMI Claimants' belated attempt to withhold

insurer-reinsurer communications on privilege grounds.  (11/10/08 Exten. Opp. at 3.)  As the history of the original motion to compel demonstrates, there can be no doubt that (i) Dow Corning raised and rebutted any potential privilege claim in its briefs and (ii) the LMI Claimants chose to leave unchallenged Dow Corning's no-privilege arguments.

The LMI Claimants now ignore entirely the briefing and oral argument that preceded the Discovery Order and emphasize that the privilege issue is not "mentioned" in the Order. (11/13/08 Exten. Reply at 3.)  The alleged failure to mention the issue is a red herring.  The Court, without qualification, granted Dow Corning's motion.  Courts are not required to address every potential issue raised in connection with a motion, and this Court certainly was not required to address an issue that the LMI Claimants failed to contest.

The only other point mentioned by the LMI Claimants is that many of the withheld insurer-reinsurer communications were "provided to the Court for in camera review in connection with the privilege motion taken under advisement."  *Id*.  This point is also irrelevant. The reinsurance motion (filed first in time) challenged the existence of any privilege for insurer-reinsurer communications, while the subsequent privilege waiver motion (filed second in time and still under advisement) deals with a much larger universe of documents and focuses solely on waiver as a result of the LMI Claimants' voluntary, selective production.  The reinsurance communications issue stands alone and does not depend on resolution of the later motion.

>    **B.**    **Applicable Law Makes Clear That The LMI Claimants Cannot Raise A Privilege Objection That Could Have Been Raised In Opposition To Dow Corning's Motion To Compel And That Was Overruled By The Discovery Order.**

It is black-letter law that parties cannot "frustrate discovery requests and court orders with successive objections like a magician pulling another and another and then still another

rabbit out of a hat. . . .  Discovery is not poker where the cards are turned up one at a time."

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 914 F. Supp. 1172, 1177-78 (E.D. Pa.

1996).

Accordingly, parties may not make legal arguments after issuance of an order when those

arguments could have been -- but were not -- made prior to such issuance.  *E.g., Sault Ste. Marie*

*Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("Because the Lac Vieux

could have, but did not, raise their argument before the district court ruled on the motion to

compel compliance, the argument is barred."); *Syl Worhacz Ford, Inc. v. Ford Dealer Computer*

*Servs., Inc.*, 2007 WL 2109564, at *2 (E.D. Mich. July 23, 2007) ("Nor is a party permitted to

raise new legal arguments on a motion for reconsideration that could have been raised earlier.").

Thus, under applicable law, a party is simply not allowed to ignore repeated opportunities to

raise an objection, and then assert that objection as a backstop after losing its principal argument.

The facts here make clear that the LMI Claimants are belatedly asserting privilege as

precisely such a backstop.  It bears repeating these facts about the motion to compel:

- The LMI Claimants could have attempted to rebut the clear and express showing in Dow Corning's opening brief that no privilege exists for insurer-reinsurer communications, but they did not, choosing instead to raise other issues and to emphasize that reinsurers are "unrelated third parties."

- The LMI Claimants could have asserted privilege at oral argument, but they did not, choosing instead to admit that reinsurance communications are "discoverable" and to ignore the unambiguous statement in Dow Corning's reply brief "that no privilege attaches to insurer/reinsurer communications."

- The LMI Claimants could have suggested that insurer-reinsurer communications are privileged when the Court orally ruled that such communications must be produced, but they did not, choosing instead to seek clarification on other matters.

- The LMI Claimants could have mentioned the alleged privilege issue in their post-hearing letter to the Court attempting to forestall a written order granting the motion, but they did not, choosing instead to focus on other issues.

Against this history, the LMI Claimants cling to the argument that this Court's Discovery Order left intact their privilege claims for certain insurer-reinsurer communications because the Order did not specifically discuss the point. That, however, is not the standard courts use in determining the scope of their prior rulings. Judicial orders need not discuss every potential point of law or fact, *see, e.g., Allapattah Serv., Inc. v. Exxon Corp.,* 372 F. Supp. 2d 1344, 1364 (S.D. Fla. 2005), and the effect of a court order is determined by an evaluation of what was before the court when it issued its ruling.

To avoid endless cycles of litigation and relitigation, courts are reluctant to revisit issues raised in connection with prior orders and, accordingly, interpret such orders not only in terms of what they explicitly state, but also by reference to what they hold by "necessary" or "reasonable" implication. *See, e.g., Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 589-90 (6th Cir. 1995) ("It would be utterly destructive . . . if each successive decision resulted in the reconsideration of every previous one . . . ."); *United States v. Barnwell*, 2008 WL 2447133, at *3 (E.D. Mich. June 18, 2008) ("law of the case doctrine bars relitigation of issues that were decided at an earlier stage of the litigation either explicitly or by necessary inference from the disposition"); *Chirco v. Gateway Oaks, LLC*, 2005 WL 2284218, at *4 (E.D. Mich. Aug. 26, 2005) ("[A] court generally may not revisit an issue that it decided, whether expressly or by necessary implication . . . ."); E.D. Mich. L.R. 7.1(g)(3) ("motions for rehearing or reconsideration" may not "present the same issues ruled upon by the court, either expressly or by reasonable implication").

Case law applying these standards illustrates that the LMI Claimants' privilege assertion was rejected "expressly" by this Court's unqualified *grant* of the motion, and that it was also rejected by "necessary implication" and overruled by "reasonable implication." An issue is

"rejected by necessary implication when the holding stated or the result reached is inconsistent with the argument." *Barnwell*, 2008 WL 2447133, at *3. Here, the Discovery Order requires production of all reinsurance-related information requested by Dow Corning, a ruling that is plainly inconsistent with the LMI Claimants' privilege assertion. Similarly, an issue has been ruled upon by reasonable implication when a non-moving party has failed to respond to an issue raised in the other side's opening brief. *Beaver v. Figgie Int'l Corp.*, 1988 WL 64710, at *2 (6th Cir. June 24, 1988) (where the prevailing party addressed the issue and the other party apparently did not, "the issue 'was ruled upon by the Court by reasonable implication'"); *Posthumus v. Bd. of Ed.*, 380 F. Supp. 2d 891, 902 (W.D. Mich. 2005) ("Defendants were not obligated to raise this issue in their motion for summary judgment, and by failing to assert it in his response brief, Posthumus has waived or abandoned the issue.").

There can be no question that, from the outset, Dow Corning supported with facts and argument its view that no privilege attaches to insurer-reinsurer communications. The LMI Claimants chose not to challenge that argument. Accordingly, as in *Beaver*, the privilege issue "was ruled on by reasonable implication." Now that an order has issued compelling production of all insurer-reinsurer communications, the Court should not countenance the LMI Claimants' attempt to pull the privilege "rabbit" out of their hat or their assertion of a right to withhold or redact such communications.[2]

We note that, when this compliance issue was first raised with the Court by Dow Corning a few weeks ago, the LMI Claimants heatedly called it a "manufactured compliance issue" and

---

[2] The instant compliance motion focuses solely on what the Court's Discovery Order requires, not the underlying merits of the insurer-reinsurer privilege issue. Because the underlying merits are not relevant to a compliance motion, we do not address them here. *See* 8A C. A. Wright & A. Miller *Federal Practice & Procedure* § 2289, at 670-71 (2d ed. 1994).

wrote that our interpretation of the Court's Discovery Order is "inconceivable." (11/13/08 Exten. Reply at 3.) Such rhetoric is wide of the mark. As the Motion to Compel record demonstrates in painstaking detail, Dow Corning repeatedly made clear its position on the absence of any privilege for insurer-reinsurer communications. For whatever reason, the LMI Claimants did not try to refute our position *before* this Court granted the motion. Now that they are confronted with a Court order, the LMI Claimants should not be heard to attack Dow Corning for the consequences of their choice.

## II.   THE DISCOVERY ORDER REQUIRES THE LMI CLAIMANTS TO PRODUCE FOR *IN CAMERA* REVIEW *ALL* DOCUMENTS RELATING TO THE SETTLEMENT NEGOTIATIONS OR AGREEMENT THAT WERE WITHHELD BASED ON WORK PRODUCT OR ATTORNEY-CLIENT PRIVILEGE.

As the Court is aware, between November 2007 and May 2008, the LMI Claimants voluntarily and selectively produced in installments numerous documents and excerpts of documents previously withheld based on the attorney-client and work product privileges. These productions consisted, in part, of "market reports" -- letters from outside counsel to the LMI Claimants -- that had been withheld based on both attorney-client and work-product grounds. (Ex. 16 at 1.) The productions also included documents the LMI Claimants themselves characterized as "work product, including work papers from the outside consultant who assisted them in their allocation of shares." (8/11/08 Opp. at 5.)

Because of these selective productions, Dow Corning filed its Revised Motion to Compel Production of All Documents Relating to the Settlement Negotiations and the Settlement Agreement At Issue ("Revised Motion"), which argued that the selective productions resulted in a waiver of any perceived right to withhold other documents or portions of the produced documents insofar as they related to the same subject matter. Dow Corning requested an order

requiring production of "unredacted copies of *all documents* created or received prior to 1997, that relate in any way to the settlement negotiations or the Settlement Agreement that have been withheld, in whole or in part, *on the basis of the attorney-client privilege or the work product doctrine.*"  (Rev. Mot. Attach. 1 (emphases added).)  Furthermore, Dow Corning's motion took care to highlight examples of withheld attorney-client communications, as well as work product, including allocations, drafts, and internal memoranda.  (*Id.* at 5, 7, 14, 15.)  Dow Corning's brief also noted that the waiver rules discussed therein applied with equal force to attorney client and work product assertions.  (*Id.* at 11 n.3.)

After hearing argument and taking under advisement Dow Corning's waiver motion, the Court issued its Discovery Order, which, in pertinent part, rejected the LMI Claimants' attempt to "limit the *in camera* production" and instead ordered that:

> Subject to the production of ***all*** the documents *in camera* to the Court, Dow Corning's motion is taken under advisement. . . .  The LMI Claimants must produce *in camera* to the Court ***the unredacted documents sought by Dow Corning*** which the LMI Claimants argue are subject to privilege, ***including***: 1) pre-1997 settlement negotiation documents and ***notes (handwritten or otherwise) by and between counsel***, to the 'leaders' and to the 'followers'; 2) pre-1997 settlement negotiation documents and notes (handwritten or otherwise) from the 'followers' to the 'leaders' and counsel; and 3) ***any other documents related to the settlement negotiations not produced by any of the LMI Claimants which are subject to privilege.***  The ***remaining unredacted documents*** should be presented to the Court.

(Disc. Order at 13 (emphases added) (Ex. 1).)

On October 23, 2008, the LMI Claimants made their *in camera* submission.  The cover letter did not list the submitted documents, but did announce a series of unilateral limitations placed on their submission.  *First*, despite the fact that the Discovery Order required submission of "all the documents" and used work product as an example, the LMI Claimants did not submit "attorney work product, other than to the extent it was included in, or with, an attorney-client

communication." (Ex. 10 at 1.)  *Second,* despite the fact that the Discovery Order required the LMI Claimants to submit all documents "the LMI Claimants argue are subject to privilege," they refused to submit allegedly privileged documents that do not appear on their not-yet-updated privilege logs.  (*Id.*)  *Third*, despite the absence of any provision in the Discovery Order indicating that they could submit only one version of each withheld document, the LMI Claimants announced that they would submit only one version.  (*Id.*)

The three limitations announced in the LMI Claimants' October 23 letter each violate the Court's Discovery Order and are the subject of letters to the Court from the parties dated October 31 (Dow Corning) and November 6 (LMI), 11 (Dow Corning), and 13 (LMI), which are attached hereto as Exhibits 11-14.  Rather than repeat the compliance-related arguments set forth therein, Dow Corning respectfully refers the Court to those letters, reserving the right to address any additional arguments in the LMI Claimants' opposition to this motion.  With respect to Dow Corning's request for a list of documents submitted for *in camera* review, Dow Corning acknowledges that such a list is not required by the terms of the Discovery Order.  Nevertheless, provision of such a list would be a simple matter that would provide the Court and Dow Corning with an inventory of what has and has not been submitted, and we can think of no legitimate reason for the LMI Claimants to withhold such a list.  As such, Dow Corning reiterates its request for a list.

**III.  THE DEPOSITION AND DISCOVERY SCHEDULES SHOULD BE ADJUSTED TO DEFER FURTHER DEPOSITIONS UNTIL THE LMI CLAIMANTS FULLY COMPLY WITH THIS COURT'S ORDERS AND TO OTHERWISE ACCOUNT FOR THE DELAYS CAUSED BY THE LMI CLAIMANTS' FAILURES TIMELY TO COMPLY WITH THE DISCOVERY ORDER.**

The Court's Discovery Order and Scheduling Order each required and were premised on an assumption that the LMI Claimants would complete compliance with the Discovery Order by

October 24, 2008. Because of their extension request, the LMI Claimants will not comply with their *undisputed* obligations under the Discovery Order until December 15.[3] Moreover, as Parts I and II above demonstrate, the LMI Claimants are refusing to comply with other obligations under the Discovery Order, which will delay compliance until after this motion is decided. In addition, there is no way for Dow Corning fully to assess other aspects of the LMI Claimants' compliance prior to the completion of their productions. Finally, the LMI Claimants' failure to comply with the Discovery Order's provisions on *in camera* submission have interfered with the Court's consideration of Dow Corning's privilege waiver motion, thereby creating additional delays.

Because of the admitted, disputed, and potential delays in compliance, Dow Corning requests that further depositions be deferred until after full compliance with the Discovery Order and resolution of the pending privilege waiver motion. Furthermore, Dow Corning requests that appropriate additional amendments be made to the Scheduling Order to account for the delays caused by the LMI Claimants' compliance failures.[4]

---

[3] Until December 15, the LMI Claimants' productions from "more than 90 [Lloyd's] syndicates or groups of syndicates" involving "more than 180 reinsurance contracts" will be incomplete. (10/23/08 Exten. Mot. at 3.) In addition, their production from St. Katherine's, a claimant that was identified as a "leader," is incomplete and will not be complete until December 15. Collectively, the St. Katherine's and Lloyd's claimants seek reimbursement of more than two-thirds of the total reimbursement requested. In addition, we await updated privilege logs recording any withheld documents and an updated interrogatory answer from all LMI Claimants.

[4] The scheduling relief requested herein differs in certain respects from that requested in Dow Corning's November 10th response to the LMI Claimants' extension motion. Those differences are a result of the fact that, since filing its extension response, it has become clear that the LMI Claimants have no intention of complying with the aspects of the Discovery Order addressed in Parts I and II above; at the time of filing the extension response, that was not yet clear to Dow Corning. As a sanction for the LMI Claimants' violations of this Court's Discovery Order, the requested adjustment of the schedule is quite mild.

There can be no doubt that Dow Corning will suffer prejudice absent the entry of such an order. Of most immediate concern, despite their compliance failures, the LMI Claimants seek to take additional depositions and, forging ahead with this intention, recently noticed five depositions. Dow Corning should not be required to prepare and defend its witnesses prior to review and consideration of the documents this Court has confirmed should have been produced more than a year ago.

Moreover, Dow Corning's ability to take depositions of LMI Claimant witnesses and complete its discovery will be affected by the LMI Claimants' compliance failures. In this regard, the Scheduling Order, which was premised on full compliance with the Discovery Order by October 24, provided more than four months for additional discovery to be taken after compliance. The actual date of compliance is uncertain, and will not occur until after December 15. Even assuming that compliance is completed shortly after that date (which seems unlikely given the issues addressed herein), Dow Corning will already have lost nearly two of the four additional months for discovery provided in the Scheduling Order. Just as importantly, and although it goes without saying, it would be extraordinarily impractical and inefficient for Dow Corning to take depositions prior to receipt of all documents to which it is entitled.

The LMI Claimants have previously suggested that the Court rejected Dow Corning's earlier request to defer depositions until after discovery compliance when it entered its Scheduling Order on October 3. That suggestion ignores the fact that Dow Corning presented two witnesses for deposition in October. It also ignores the fact that the Court's Scheduling Order imposed an October 24 deadline for compliance with the Court's Discovery Order and obviously did not contemplate that the LMI Claimants would seek an extension until December 15 for them to complete their admitted compliance obligations. Nor could this Court have

anticipated on October 3 that the LMI Claimants would also violate the substantive terms of the Discovery Order, which has delayed Dow Corning's access to discovery that has already been ordered and which has interfered with and delayed the Court's resolution of the privilege waiver motion. Accordingly, the balance of equities today is not what it was on October 3 when the Court entered the Scheduling Order.

The order sought here is plainly within the Court's sound discretion under Rule 16 to adjust a scheduling order. *See* Fed. R. Civ. P. 16(b)(4). Moreover, because a party plainly suffers prejudice when its opponent's discovery failures prevent it from fully participating in or completing discovery, *e.g., Bryant v. U.S. Postal Serv.*, 166 Fed. Appx. 207, 211 (6th Cir. 2006); *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002), such an order is also expressly provided for under the rules governing protective orders and sanctions. Fed. R. Civ. P. 26(c)(1)(A)-(B) (protective order may "forbid[] the disclosure or discovery" or "specify[] the terms, including time and place, for the disclosure or discovery"); 37(b)(2)(iv) (court may, as a sanction, "stay[] further proceedings until the order is obeyed"). Indeed, courts routinely issue such orders in similar circumstances. *See Bryant*, 166 Fed. Appx. at 211 (noting entry of stay until plaintiff complied with discovery obligations); *Pride v. Bic Corp.*, 218 F.3d 566, 569, 576 (6th Cir. 2000) ("[T]he magistrate judge correctly concluded that staying discovery and excluding late-discovered witnesses were appropriate sanctions for" disregarding "Rule 26 deadlines and discovery requirements."); *Taylor v. Medtronics*, 861 F.2d 980, 984 (6th Cir. 1988) (affirming sanctions where "plaintiff's noncompliance . . . would prevent the defendants from engaging in any further discovery prior to the discovery cut-off"); *Austin Theatre, Inc. v. Warner Bros. Pictures, Inc.*, 22 F.R.D. 302, 303 (S.D.N.Y. 1958) (staying proceedings until party responds to interrogatories subject to prior discovery order).

Finally, the Sixth Circuit has made clear that a party should not "be rewarded for a delay, which he in part caused." *Freeland v. Amigo*, 103 F.3d 1271, 1281 (6th Cir. 1997). Absent the order requested by Dow Corning, the LMI Claimants will be so rewarded -- they will be permitted to go forward with their depositions and to complete their discovery. Dow Corning, meanwhile, will be left sitting on the sidelines waiting for the LMI Claimants fully to comply with Dow Corning's initial discovery requests and this Court's orders. That is neither fair nor appropriate, particularly because the LMI Claimants' compliance failures are the sole reason that Dow Corning is unable, as a practical matter, to take depositions of LMI Claimant witnesses and complete its discovery.

## CONCLUSION

For the foregoing reasons, the Court should grant Dow Corning's motion to compel compliance, order immediate compliance with the Discovery Order, suspend the taking of depositions at least until there has been full compliance, and issue an amended scheduling order that takes into account the delays occasioned by the LMI Claimants' compliance failures.

COVINGTON & BURLING LLP

By: Mitchell F. Dolin
    Anna P. Engh
    Benjamin C. Block
    Timothy D. Greszler
    1201 Pennsylvania Ave., NW
    Washington, DC 20004
    (202) 662-6000
    mdolin@cov.com
    aengh@cov.com
    bblock@cov.com
    tgreszler@cov.com

KERR, RUSSELL and WEBER, PLC

By: /s/ Michael A. Sneyd
    Robert A. Marsac (P17114)
    Michael A. Sneyd (P52073)
    500 Woodward Ave.
    Suite 2500
    Detroit, MI 48226
    (313) 961-0200
    Ram@krwlaw.com
    Mas@krwlaw.com

December 5, 2008

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### (NORTHERN DIVISION)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 95-CV-20512-DT |
| DOW CORNING CORPORATION, | ) | |
| | ) | (Chapter 11) |
| | ) | |
| Reorganized Debtor. | ) | Honorable Denise Page Hood |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2008, I electronically filed Dow Corning's Motion to Compel Compliance with this Court's October 3, 2008, Order Regarding Discovery Motions, and for Entry of a Revised Scheduling Order (including Exhibits), and a Proposed Order with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by First Class U.S. Mail the foregoing papers to the following individuals, and that I caused a copy of the foregoing to be served by e-mail on the counsel indicated below:

James Sottile, Esq.
Carl S. Kravitz, Esq.
Zuckerman Spaeder LLP
1800 M Street, N.W.
Suite 1000
Washington, D.C. 20036
(also served via e-mail)

Leslie K. Berg
United States Trustee
211 W. Fort Street
Suite 700
Detroit, MI 48226

Earle I. Erman, Esq.
Erman, Teicher, Miller, Zucker and Freedman, P.C.
400 Galleria Officentre, Suite 444
Southfield, MI 48034
(also served via e-mail)

Patrick L. Hughes
Haynes and Boone LLP
1221 McKinney Street, Ste. 2100
Houston, TX 77010

Dianna Pendleton-Dominguez
Law Offices of Dianna Pendleton
401 North Main Street
St. Mary's, OH 45885

Respectfully submitted,

Kerr, Russell and Weber, PLC

 /s/  Michael A. Sneyd
Michael A. Sneyd (P52073)
500 Woodward Ave.
Suite 2500
Detroit, MI  48226
(313) 961-0200
Mas@krwlaw.com

2